UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JESUS GONZALEZ,
Plaintiff,

vs.

COCO GROVE LLC and
CRAFT COCONUT GROVE LLC,
Defendants.

# COMPLAINT

Plaintiff, JESUS GONZALEZ (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, COCO GROVE LLC and CRAFT COCONUT GROVE LLC (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant located at 3324 Virginia Street, Miami, FL 33134 (hereinafter, the "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the Subject Premises are located in the Southern District and Miami-Dade County.

## PARTIES

**4.** Plaintiff, JESUS GONZALEZ, is over the age of 18, *sui juris*, and a resident of Miami-Dade County, Florida. Plaintiff is a paraplegic, which limits his major life activities including not being able to walk or stand. He requires the use of a wheelchair for mobility purposes. Plaintiff is a qualified individual under the ADA.

**5.** Defendant, COCO GROVE LLC, is a Florida limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district.

**6.** Pursuant to the Miami-Dade County Property Appraiser's Office, Defendant, COCO GROVE LLC, is the owner of the Subject Premises.

**7.** Defendant, CRAFT COCONUT GROVE LLC, is a Florida limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district, and is the owner/operator of the restaurant "CRAFT COCONUT GROVE" located at the Subject Premises.

**8.** According to the Florida Department of Business and Professional Regulation, the Defendant, CRAFT COCONUT GROVE LLC, d/b/a CRAFT COCONUT GROVE, was issued a Permanent Food Service Seating license on August 26, 2024, and a Retail Beverage license on March 14, 2025, for the Subject Premises.

**9.** Records maintained by the Miami-Dade County Department of Regulatory and Economic Resources reflect that a Municipal Certificate of Use was issued in 2024 for the Subject Premises.

**10.** CRAFT COCONUT GROVE is a restaurant offering a variety of food and beverage items, including pizza, burgers, sandwiches, breakfast and brunch selections, and other meals and refreshments to members of the general public in a casual dining setting. The establishment

provides customers with the ability to enter the restaurant, be seated, and purchase meals and beverages in a public accommodation intended for on-site dining. CRAFT COCONUT GROVE is located at 3324 Virginia Street in Coconut Grove, within a commercial area containing restaurants, cafés, neighborhood shops, and other retail and service-oriented businesses. The Plaintiff appreciates the restaurant's proximity to his home, the food and beverage offerings, and the dining experience provided at CRAFT COCONUT GROVE. However, despite the Plaintiff's interest in patronizing the restaurant, significant accessibility barriers impede the Plaintiff's ability to fully and equally access and enjoy the goods and services offered at the Subject Premises, in violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

**11.** On October 21, 2026, Plaintiff, in his individual capacity, visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

**12.** Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

**13.** Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

**14.** The Plaintiff is frustrated and dispirited by the repetitiveness of the complaints he is forced to make at different places of public accommodation. The Plaintiff is accordingly of the

belief that the only way to affect change is through the mechanisms provided under the ADA

**15.** Beyond his personal interest in accessing the Subject Premises, Plaintiff is an advocate for individuals with disabilities and is committed to asserting his civil rights and the rights of others similarly situated.

**16.** Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

**17.** Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

**18.** As the Subject Premises was designed, constructed, and received its Certificate of Use in 2024, Plaintiff asserts that the ADA violations at the property are intentional and will not be corrected without Court intervention, further exacerbating the harm Plaintiff has suffered and will continue to endure.

**19.** The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

**20.** Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

**21.** Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

**22.** On October 21, 2026, Plaintiff accessed the Subject Premises but was unable to do so equally due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

**23.** Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

**24.** Plaintiff restates Paragraphs 1-23 as though fully set forth herein.

**25.** Defendants, COCO GROVE LLC and CRAFT COCONUT GROVE LLC, have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

**26.** COCO GROVE LLC, as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

**27.** CRAFT COCONUT GROVE LLC, as the owner/operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

**28.** The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

**Accessible Exterior Route**

**i. Accessible Ramp Lacks Required Handrails.**
The ramp providing access from the public right-of-way does not have handrails on both sides. The absence of required handrails creates an unsafe condition and interferes with Plaintiff's ability to safely navigate the ramp while using his wheelchair. This condition violates ADAAG § 4.8.5 and the 2010 ADA Standards § 505.2. Installing compliant handrails on both sides of the ramp, including the required extensions, is readily achievable.

**ii. Accessible Ramp Does Not Provide Required Clear Width.**
The ramp providing access from the public right-of-way does not provide the required minimum clear width for an accessible route. The insufficient width restricts Plaintiff's ability to safely maneuver his wheelchair along the ramp and access the premises. This condition violates ADAAG § 4.8.3 and the 2010 ADA Standards § 405.5. Reconfiguring the ramp to provide the required minimum clear width is readily achievable.

**Exterior and Interior Dining Areas**

**iii. Insufficient Accessible Dining Surfaces Are Provided.**
The exterior and interior dining areas do not provide the required number of accessible dining tables. The insufficient accessible seating prevents Plaintiff from enjoying the indoor and outdoor dining accommodations provided to other patrons on an equal basis. This condition violates ADAAG § 4.32 and the 2010 ADA Standards § 226.1. Providing accessible dining tables comprising at least five percent of the seating spaces, but not fewer than one accessible dining surface in each dining area, is readily achievable.

**iv. Dining Tables Lack Required Knee and Toe Clearance.**
The exterior and interior dining tables do not provide the required knee and toe clearance necessary for Plaintiff to position his wheelchair beneath the dining surfaces. This condition interferes with Plaintiff's ability to independently approach, sit at, and use the tables while enjoying food and beverages. This condition violates ADAAG § 4.32.3 and the 2010 ADA Standards § 902.2. Replacing or modifying the tables to provide compliant knee and toe clearance and the required clear floor space is readily achievable.

**Interior Bar and Service Counter**

**v. Bar and Service Counter Lacks an Accessible Lowered Section.**

The interior bar and service counter does not provide an accessible lowered section for wheelchair users. The absence of a lowered counter prevents Plaintiff from independently approaching and using the counter to obtain food, beverages, and other services offered to patrons. This condition violates ADAAG § 5.2 and the 2010 ADA Standards § 902.3. Modifying the counter to provide an accessible section mounted between 28 and 34 inches above the finished floor, with the required clear floor space, is readily achievable.

**Men's Restroom**

**vi. Restroom Door Lacks Required Maneuvering Clearance.**
The restroom door does not provide the required maneuvering clearance on the pull side. The available maneuvering clearance measures only 55.5 inches in depth, rather than the required 60 inches. This condition interferes with Plaintiff's ability to independently approach, open, and maneuver through the restroom door while using his wheelchair. This condition violates ADAAG § 4.13.6 and the 2010 ADA Standards § 404.2.4. Reconfiguring the doorway and adjacent partition to provide compliant maneuvering clearance is readily achievable.

**vii. Paper Towel Dispenser Protrudes Into the Accessible Route.**
The paper towel dispenser protrudes 8.5 inches from the wall into the restroom walkway, exceeding the maximum permitted projection of 4 inches for protruding objects within the applicable height range. This obstruction interferes with Plaintiff's ability to safely maneuver his wheelchair through the restroom. This condition violates ADAAG § 4.4.1 and the 2010 ADA Standards § 307.2. Relocating or recessing the paper towel dispenser to eliminate the excessive projection is readily achievable.

**viii. Lavatory Lacks Required Knee Clearance.**
The lavatory does not provide the required knee clearance necessary for Plaintiff to position his wheelchair beneath the fixture. The insufficient clearance prevents Plaintiff from independently approaching and using the lavatory in a forward-facing position while seated in his wheelchair. This condition violates ADAAG § 4.19.2 and the 2010 ADA Standards § 606.2.2. Modifying or replacing the lavatory to provide the required knee and toe clearance is readily achievable.

**ix. Lavatory is Mounted Too High.**
The lavatory is mounted at 35.5 inches above the finished floor to the top of its rim, exceeding the maximum permitted height of 34 inches. The excessive height interferes with Plaintiff's ability to independently reach and use the lavatory while seated in his wheelchair. This condition violates ADAAG § 4.19.2 and the 2010 ADA Standards § 606.3. Lowering or replacing the lavatory to provide a compliant mounting height is readily achievable.

**x. Lavatory Mirror is Mounted Too High.**
The lavatory mirror is mounted at 42 inches above the finished floor to the bottom edge of its reflecting surface, exceeding the maximum permitted height of 40 inches. This condition prevents Plaintiff from independently using the mirror while seated in his

wheelchair. This condition violates ADAAG § 4.19.6 and the 2010 ADA Standards § 603.3. Lowering or replacing the mirror to provide a compliant reflecting surface is readily achievable.

**xi. Water Closet Clearance is Obstructed by the Lavatory.**
The lavatory is positioned within the required clear floor space surrounding the water closet. The lavatory extends to a location measuring only 46.25 inches from the water closet side wall, encroaching upon the required 60-inch-wide clearance. This condition interferes with Plaintiff's ability to position his wheelchair alongside the water closet and safely transfer to and from the fixture. This condition violates the 2010 ADA Standards § 604.3.1. Relocating the lavatory outside the required water closet clearance is readily achievable.

**xii. Water Closet is Improperly Positioned.**
The water closet is improperly positioned relative to the adjacent side wall, with its centerline measuring 15.75 inches from the wall rather than the required 16 to 18 inches. The water closet is also not positioned parallel to the side wall. These conditions interfere with Plaintiff's ability to properly position his wheelchair and safely transfer to and from the water closet. These conditions violate ADAAG § 4.16.2 and the 2010 ADA Standards § 604.2. Relocating and properly aligning the water closet to provide compliant positioning is readily achievable.

**xiii. Water Closet Seat is Mounted Too Low.**
The water closet seat is mounted at 16 inches above the finished floor, below the required minimum height of 17 inches. The insufficient seat height interferes with Plaintiff's ability to safely transfer between his wheelchair and the water closet. This condition violates ADAAG § 4.16.3 and the 2010 ADA Standards § 604.4. Modifying or replacing the water closet to provide a compliant seat height is readily achievable.

**xiv. Rear Wall and Side Wall Grab Bars Are Not Compliant.**
The rear wall and side wall grab bars do not comply with the required dimensions, positioning, and mounting heights. The rear wall grab bar measures only 30 inches in length, rather than the required minimum of 36 inches, and is mounted at 36.5 inches above the finished floor, exceeding the maximum permitted height of 36 inches. The side wall grab bar is improperly positioned, with its outer flange located only 44.5 inches from the rear wall rather than the required 54 inches, and is mounted at 36.75 inches above the finished floor, exceeding the maximum permitted height. These conditions interfere with Plaintiff's ability to securely grasp the grab bars for support and stability when transferring between his wheelchair and the water closet. These conditions violate ADAAG § 4.16.4 and the 2010 ADA Standards §§ 604.5.1 and 604.5.2. Replacing or repositioning the grab bars to provide compliant lengths, extensions, positioning, and mounting heights is readily achievable.

**xv. Toilet Paper Dispenser is Improperly Positioned.**
The toilet paper dispenser is mounted with its centerline 11 inches in front of the water closet, exceeding the required positioning range of 7 to 9 inches. The excessive distance

interferes with Plaintiff's ability to independently reach and obtain toilet paper while seated on the water closet. This condition violates ADAAG § 4.16.6 and the 2010 ADA Standards § 604.7. Relocating the toilet paper dispenser to a compliant position is readily achievable.

**xvi. Lavatory Pipes Are Not Properly Insulated.**
The plumbing beneath the lavatory is exposed and lacks the required protective insulation. Because Plaintiff uses a wheelchair and must position his legs beneath the lavatory, the exposed plumbing creates a risk of contact with potentially hot or abrasive surfaces. This condition violates ADAAG § 4.19.4 and the 2010 ADA Standards § 606.5. Properly insulating or otherwise protecting the exposed plumbing is readily achievable.

**xvii. Soap Dispenser is Mounted Beyond Plaintiff's Accessible Reach Range.**
The soap dispenser is mounted at 54 inches above the finished floor, exceeding the maximum accessible forward reach height of 48 inches. This condition interferes with Plaintiff's ability to independently reach and use the soap dispenser while seated in his wheelchair. This condition violates ADAAG § 4.2.5 and the 2010 ADA Standards § 308.2.1. Relocating the soap dispenser to a compliant accessible height is readily achievable.

**xviii. Stall Door Lock Is Mounted Beyond Plaintiff's Accessible Reach Range.**
The accessible stall door lock is mounted at 58.5 inches above the finished floor, exceeding the maximum accessible forward reach height of 48 inches. This condition interferes with Plaintiff's ability to independently reach, lock, and unlock the stall door while seated in his wheelchair. This condition violates ADAAG § 4.2.5 and the 2010 ADA Standards § 308.2.1. Relocating the stall door lock to a compliant accessible height is readily achievable.

**xix. Accessible Stall Door Lacks Required Pull Handles.**
The accessible toilet compartment door does not provide the required pull handles on both sides near the latch. The absence of pull handles interferes with Plaintiff's ability to independently open and close the stall door while maneuvering his wheelchair. This condition violates ADAAG § 4.27.2 and the 2010 ADA Standards § 604.8.1.2. Installing compliant pull handles on both sides of the stall door is readily achievable.

**xx. Accessible Stall Door is Not Self-Closing.**
The accessible toilet compartment door does not have self-closing hinges or another compliant self-closing mechanism. The absence of a self-closing mechanism interferes with Plaintiff's ability to independently close the stall door while positioned in his wheelchair. This condition violates ADAAG § 4.17.5 and the 2010 ADA Standards § 604.8.1.2. Installing self-closing hinges or another compliant self-closing mechanism is readily achievable.

**29.** Plaintiff has accessed the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The

physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

**30.** Alternatively, to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff is a staunch and devoted advocate of the rights of similarly situated disabled persons and is a "tester" for the rights of individuals with disabilities to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

**31.** Plaintiff lives less than one (1) mile from the Subject Premises and intends to return within the next six (6) months to ensure accessibility for individuals with physical disabilities and to avail himself of the goods and services therein. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete, if he is able to do so.

**32.** The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

**33.** Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

**34.** Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

**35.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**36.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

/s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
*Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, Florida 33432
844-702-8867
WassenbergL@gmail.com